## Case No. 9,658.

### In re MITCHELL.

### Ex parte SHERWIN.

[16 N. B. R. 535;[1] 17 Alb. Law J. 26.]

District Court, D. Massachusetts. Jan. 5, 1878.

TAXATION — BANKRUPTCY — FUNDS IN HANDS OF ASSIGNEE.

The funds in the hands of the assignee may be taxed by the state.

The city of Boston assessed a tax of one thousand five hundred and fifty three dollars and twenty one cents upon the assignees of Mitchell, Green & Stevens, for the personal estate of the bankrupts in their possession, or under their control, on the 1st of May, 1876, the beginning of the fiscal year. The assignees denied the right of the city to assess them, and the case was submitted to the court upon agreed facts, under a petition by the collector of the city to order the assignees to draw their warrant for the amount of the tax. The assignees had made return of the property to the assessors under protest, so that there was no dispute about the quality or amount. It consisted in part of money, and, in a larger part, of a stock of goods. The stock was sold by the assignees on the 3d of May, in pursuance of an arrangement made before the first day of the month, and the proceeds were divided among the creditors at once, long before the assessment was actually made, or notice given that it would be made; but there was enough money of the estate remaining to pay the tax, if it is properly and legally assessed upon them.

E. P. Nettleton, for petitioner.
J. Wilder May, for assignees.

LOWELL, District Judge. The first ground taken by the assignees is, that they are officers of the court; that the funds in their hands are in the custody of the law, and, therefore, not to be disturbed or interfered with by any action on behalf of the state. An able opinion to this purport has been given by one of the registers. In re Booth [Case No. 1,645]. I cannot subscribe to that opinion. I can see no interference or obstruction

of the court, or of the law in taxing, to the owner thereof, any fund that may happen to be in whole or partly in the registry of the court, or under its direction, as was the case with the money here, provided there is no attempt to affix upon it a lien, or in some way to disturb the actual custody of the fund. Such an assessment is merely an official declaration that the owner of the fund should pay his share of the public burdens. I do not know why a ship in the hands of the marshal should escape taxation to the owner, though, undoubtedly, it will be free from levy or seizure as long as it remains in his official possession. If the state undertook to tax an assignee in bankruptcy as such, that is, to tax his office and franchise, his right to exercise a function under the laws of the United States, or in any mode to discriminate against an assignee, or against the estate of a bankrupt, very different considerations might arise.

It is said the assignee is an officer of the court; and so he is, in a certain sense, and so is every attorney who practices in the court; and this will protect them from taxation as such officers, but not necessarily in respect to funds which they are to administer for private persons, though their administration should be under the control of the court. The law of Massachusetts for levying taxes does not undertake to act upon personal property in rem, but merely upon the owner. An assignee is an officer of court, and much more, as I shall have occasion to show.

2. I have examined with great care the law of taxation. Gen. St. c. 2, passim. I should be glad to find there an exemption of assignees who had so promptly and faithfully executed their trust that, while they were appointed in April, they had realized and distributed a great part of the assets long before any assessment was actually made upon them; but I have searched in vain. Section 2 provides that all property, real and personal, of the inhabitants of the state, shall be taxed unless expressly exempted. Section 5 provides what property shall be exempted, and does not mention bankrupts or insolvents, or their estates or assignees.

Section 10 provides that all personal estate shall be assessed to the owner in the city or town of which he shall be an inhabitant on the first day of May, with numerous exceptions as to the place, and some as to the person—such as that, under some circumstances, the legal owners shall be assessed; and, under others, the equitable owner—but none which makes any exemptions not included in section 5, and none which affect this case in any direct way, though the section clearly shows that all trustees are intended to be included in the word "owner," unless otherwise provided for.

The remaining question is, whether the assignees were the owners of this property. This closely resembles the question already answered, and the remarks I am about to

make are to be taken as applicable to both points. If assignees are mere agents of the court, and the fund is one in court, there might be reason to say that it was without a definite owner who could be ascertained and assessed, but there is no doubt that assignees are trustees, with great powers and large discretion. They have the legal title and control of the property as fully as the bankrupt had, and it has been repeatedly decided that statutes, or rules having the binding power of statutes, which regulate the administration of their trust, such, for example, as require them not to sell by private contract, or not to bring action or suit without an order of court or a consent of creditors, are merely directory, so that a neglect of them will form no valid objection to a title and no defense to an action or suit. I am of opinion, therefore, that the assignees were the owners of this property on the 1st of May, and that the assessment was properly made before then, and that they should pay the tax. Order accordingly.